STATE OF MISSOURI, TO THE USE OF THOMAS KEARNEY, Respondent, *v.* VICTOR DEHLINGER *et al.*, Appellants.

1. *Justices' courts — Complaint — Averments of, not controlled by title.* — The averments of a complaint before a justice, under section 19, p. 844, Wagner's Statutes, are not controlled by the title thereto, which may be treated as surplusage.

*Appeal from St. Louis Circuit Court.*

*George E. Smith*, for respondent.

*E. P. McCarty*, and *Lackland, Martin & Lackland*, for appellants.

CURRIER, Judge, delivered the opinion of the court.

The only point requiring attention in this record relates to the jurisdiction of the justice before whom the suit was originally brought. If the suit was commenced under section 19, chapter 82, article 8, p. 844, Wagner's Statutes (Gen. Stat. 1865, p. 721, § 19), for a failure on the part of the constable to return an execution according to its command, then the justice had

jurisdiction; but if the suit was founded on a breach of the constable's bond, and is prosecuted under section 26 of the aforesaid article, then the justice had no jurisdiction of the subject-matter of the suit, since the claim exceeds ninety dollars.

The suit has been treated throughout as instituted by complaint and summons under the nineteenth section of the statute referred to. The objection to the jurisdiction appears for the first time in this court. There is no motion in arrest, nor is the point referred to in the motion for a new trial. The plaintiff filed with the justice a statement of his cause of action as pointed out in said nineteenth section, but prefixed thereto a title wherein the State of Missouri is designated as suing to the use of Thomas Kearney. From this circumstance the inference is sought to be drawn that the suit was brought upon the constable's bond, and consequently under said twenty-sixth section, which provides for such suit. But the complaint itself does not purport to be founded upon the bond. Neither the bond nor its condition is set out in the statement; nor is any breach of the bond alleged; nor is the State of Missouri referred to in the body of the statement. The statement treats Thomas Kearney alone as the party complaining, and the party to whom the right of action is alleged to have accrued. The complaint states a case under the nineteenth section, and its averments are not to be controlled by the title, which was wholly unnecessary, is not required by the statute, and may be treated as surplusage. We must look to the substance and body of the complaint for the cause of action sued upon, and thence determine whether that cause of action is grounded upon a breach of the bond, or is sought to be founded upon a liability existing independently of that instrument. As already observed, on looking into the complaint we find no statement of the terms and conditions of the bond, or any assignment of a breach of those terms and conditions. In a word, the complaint states no cause of action springing out of any alleged breach of the bond or its conditions. The complaint is founded upon the nineteenth section of the statute, and is therefore not subject to the objection taken against it.

No exception was taken to any action of the court at the trial, or prior thereto, and the judgment will be affirmed. The other judges concur.